UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE, | Case No.: 3:25-cv-00249 |
| Plaintiff, | |
| v. | Judge: |
| JOHN ROE; XYZ, LLC, | Magistrate Judge: |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

## I. INTRODUCTION

Plaintiff Jane Doe filed this action seeking relief from Defendants' unauthorized posting and threatened posting of intimate images and videos showing Doe in nude or explicit contexts. This lawsuit implicates sensitive personal details and a credible fear of continued retaliation by Defendants if her real name were revealed. Doe respectfully requests leave to proceed under a pseudonym to prevent further harm, ensuring that her privacy remains protected while allowing the case to be adjudicated on the merits.

## II. FACTUAL BACKGROUND

As alleged in the Complaint (Compl. ¶¶ 16-18, 27), Doe and Defendant John Roe collaborated on various creative projects while also engaged in a romantic relationship. Over time, this relationship included the creation of certain images and recordings featuring Doe in nude or explicit contexts that were intended to remain private. Compl. ¶ 25. Nonetheless, Roe subsequently posted and indicated that he would continue to post these sensitive images online,

contrary to Doe's understanding that any such materials would not be shared publicly (Compl. ¶ 33-40, 42).

This decision by Roe has severely harmed Doe for personal reasons and also threatens to harm her career. Doe has spent much of her career performing before general audiences, including those with children, and has built her reputation on programs suitable for family-friendly venues (Compl. ¶¶ 14-15). The disclosure of intimate or nude photographs under Doe's real name or Performer Name would likely disrupt her professional endeavors by causing prospective venues or sponsors to question whether her performances align with a wholesome public image. Such concerns could result in lost opportunities and damage her standing in the community she serves. Compl. ¶ 52.

Roe also indicated that he would share more of Doe's private images as a form of revenge, thereby placing her under considerable stress (Compl. ¶¶ 34, 52). Having experienced incidents in which intimate material was released without her consent, Doe believes that additional postings under her real name or Performer Name could lead to further scrutiny, embarrassment, or harm.

Defendants already know Doe's identity; they are not disadvantaged by her continuing to use a pseudonym for court filings (See Compl. ¶¶ 16, 33). Doe simply seeks to prevent the public at large from discovering her name and connecting it with explicit material that remains in circulation. This protective measure ensures that Defendants can still conduct their defense while reducing the likelihood that any third parties will actively seek out or spread intimate content associated with her real name. In this way, Doe's anonymity helps preserve her safety, privacy, and professional interests throughout the litigation.

## III. LEGAL STANDARD

Rule 10(a) of the Federal Rules of Civil Procedure generally requires parties to be named in the complaint. However, courts have recognized exceptions that permit pseudonymous litigation when privacy concerns and the risk of harm outweigh the public's interest in open proceedings. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Relevant factors include:

- Whether the plaintiff is challenging governmental activity;
- Whether prosecution of the suit compels disclosure of information of the utmost intimacy;
- Whether the litigation compels disclosure of an intention to violate the law;
- Whether the plaintiff is a minor;
- Whether there is a risk of retaliatory harm or injury if the plaintiff is identified; and
- Whether the defendant would be prejudiced by anonymity.

*See id.*; *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981); see also *Doe v. Univ. of S.*, 2011 WL 13187148, at *16-19 (M.D. Tenn. 2011) (balancing anonymity with public-access interests). This Court routinely allows plaintiffs alleging nonconsensual dissemination of intimate images or 15 U.S.C. § 6851 violations to proceed under a pseudonym. *See, e.g.*, *Doe v. Harris*, No. 3:24-cv-00503, 2024 WL 3367167 (M.D. Tenn. July 9, 2024). This practice reflects the express authorization of Congress for the District Courts to grant pseudonymous relief under § 6851. 15 U.S.C. § 6851(b)(3)(B).

## IV. ARGUMENT

### A. Doe's Claims Involve Matters of the Utmost Intimacy

Doe's complaint centers on sexually explicit images, a topic which is self-evidently personal and sensitive. Sixth Circuit precedent has long recognized that claims involving sexual

3

Case 3:25-cv-00249    Document 21    Filed 03/18/25    Page 3 of 6 PageID #: 100

matters, abuse, or intimate content justify concealing a plaintiff's identity to avoid further distress or retribution. *Porter*, 370 F.3d at 560. Congress recognized this fact when it enacted § 6851, which expressly authorizes granting relief under a pseudonym. 15 U.S.C. § 6851(b)(3)(B). *A fortiori*, since this Court can grant relief to a pseudonymous plaintiff in cases like this one, permission to proceed under a pseudonym prior to the grant of relief should be available.

### B. Public Disclosure Risks Severe Retaliation and Harm to Doe

Because Roe's actions indicate that he will continue to post additional intimate material and harass Doe as revenge for Doe's ending their relationship, publicly identifying her here would substantially increase the risk of retaliatory conduct. This threat is not speculative; Roe's past actions (Compl. ¶ 33-35, 47) demonstrate a credible likelihood of future harassment. Additionally, public association of Doe's real name with explicit content jeopardizes her livelihood and reputation, particularly given her performing career in family-friendly venues. Compl. ¶ 15.

### C. Defendants Will Not Be Prejudiced

Anonymizing Doe's name only prevents the general public from knowing her true identity. Defendants undeniably know who she is; they themselves posted the at-issue materials. Therefore, they can defend the suit without any disadvantage or inability to conduct discovery.

### D. The Public Interest Is Minimally Impacted

Publicly available details of the case—namely, the factual allegations and legal theories—remain in the public domain, ensuring transparency. Concealing Doe's real name strikes a fair balance between open proceedings and legitimate privacy needs. The essence of the litigation—namely, alleged violations of Doe's rights—can be examined without revealing her identity.

### E. Mutual Pseudonymity Is Justified Under These Circumstances

In rare but appropriate cases, courts will extend pseudonymity to both plaintiffs and defendants when the privacy interests at stake are deeply intertwined and disclosure of one party's identity would effectively reveal the other's. *Doe v. Doe*, No. 20-cv-5329, 2020 WL 6900002, at *4 (E.D.N.Y. Nov. 24, 2020); *cf. Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593–94 (E.D. Va. 2016) (allowing a party accused of sexual misconduct and an alleged victim of sexual misconduct to be named pseudonymously in litigation). Here, the core dispute centers on intimate and confidential imagery posted on the Internet by Defendants, such that revealing Defendants' legal names would inevitably link the underlying content to Plaintiff's real-world identity. By allowing Defendants to litigate under pseudonyms, the Court preserves the same privacy rationale that justifies protecting Plaintiff's identity; should Defendants be named publicly, it would be a short step for anyone to match Defendants' known affiliations or personal details back to the intimate materials at issue, thereby unraveling Plaintiff's anonymity.

Moreover, mutual pseudonymity avoids prejudicing either side. Defendants would not be unduly disadvantaged; they may still assert all available defenses and conduct discovery. Simultaneously, Plaintiff's substantial fear of retaliatory harm remains meaningfully addressed because her identity cannot be inferred simply by searching for Defendants' real names or public profiles. In situations like this one, "if the plaintiff is allowed to proceed anonymously, . . . it would serve the interests of justice for the defendant to be able to do so as well, so that the parties are on equal footing as they litigate their respective claims and defenses." 2020 WL 6900002 at *4. Under these unique facts—where the images and reputations of both Plaintiff and Defendants are closely interwoven—mutual pseudonymity helps ensure fairness, security, and a

5

Case 3:25-cv-00249   Document 21   Filed 03/18/25   Page 5 of 6 PageID #: 102

proper adjudication on the merits without risking the harms stemming from public attention, which could otherwise imperil the ability of this Court to provide full relief in this case.

## V. CONCLUSION

For the foregoing reasons, Plaintiff Jane Doe respectfully requests that the Court enter an Order permitting her and Defendants to proceed under pseudonyms in this matter. Doe additionally requests that any documents containing personally identifying information be filed under seal, and that the Court enter a mutual pseudonymity order directing the parties and their counsel to refrain from publicizing the parties' true names or any identifying information.

Respectfully submitted,

*/s/ Chanelle Acheson*
Chanelle Acheson
Waddey Acheson LLC
1030 16th Ave. South, Suite 300
Nashville, TN 37212
(615) 839-1100

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2025 a copy of the foregoing document has filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record:

Daniel Horwitz
Horwitz Law, PLLC
4016 Westlawn Dr.
Nashville, TN 37209

*/s/ Chanelle Acheson*
Chanelle Acheson
Waddey Acheson LLC
1030 16th Ave. South, Suite 300
Nashville, TN 37212
(615) 839-1100