UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JANE DOE,

        Plaintiff,

                                          CASE NO. 3:25-cv-249

v.

                                          HON. ROBERT J. JONKER

JOHN ROE and XYZ, LLC,            (Sitting by Designation)

        Defendants.
_____/

## SUPPLEMENTAL BRIEFING ORDER

       This is a civil action claiming unlawful disclosure of intimate images in violation of the relatively recent Violence Against Women Reauthorization Act, 15 U.S.C. § 6851, also known as the federal "revenge porn" statute. The undersigned judicial officer has been designated to preside over further proceedings in this matter. The case is still in its early stages. Defendants have not answered, and the Court has not issued a Case Management Order.

       But there is already one issue joined: namely, Plaintiff's request to seal certain personally identifying information and to proceed anonymously. Across two motions, Plaintiff requests permission to redact any information from public filings that could be used to ascertain Plaintiff's identity—including the true name of the Defendants. In particular Plaintiff requests that the Court seal the summons bearing Defendants' true names and addresses (ECF No. 4) and order that any public filing refer to both Plaintiff and Defendants only under pseudonyms, with filings containing personally identifying information placed under seal. (ECF No. 16). Defendants oppose the motions. Earlier orders of the Court have granted separate requests for relief to maintain the status

quo pending resolution of the motions—the overarching motions to proceed anonymously are still pending. Before issuing a decision on the two motions, the Court determines it would benefit from further briefing on Plaintiff's requests relating to anonymity.

"[B]ecause of the presumption of openness with regard to American judicial proceedings, federal courts generally have been rather rigorous in not allowing the plaintiff to commence an action anonymously or to proceed under a pseudonym." 5A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & A. BENJAMIN SPENCER, FEDERAL PRACTICE & PROCEDURE: CIVIL § 1321 (4th ed. 2018) Under the Federal Rules of Civil Procedure, every party must have his or her name stated in the case caption. *See* FED. R. CIV. P. 10(a); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Federal Rule 7(b)(2) expressly incorporates this requirement in motion practice. Courts begin with the presumption of open judicial proceedings. *See Porter*, 70 F.3d at 560. A plaintiff may proceed under a pseudonym only in exceptional circumstances. *See Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). A court may determine that "a plaintiff's privacy interests substantially outweigh the presumption" in favor of open judicial proceedings by considering factors such as: "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether the prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Porter*, 370 F.3d at 560 (quoting *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). Consistent with these principles, both the local rules of the district in which the undersigned sits, as well as the local rules for the Middle District of Tennessee, maintain local rules on sealing that recognize the presumption of public access. *See* W.D. MICH. LCIVR 10.6; M.D. TENN. LR 5.03.

The Court ordinarily does not approve of anonymity requests, even in cases involving

allegations of sexual activity or other sensitive topics. Indeed, the Court has determined First Amendment principles and common law presumption of access augur against this type of relief across a wide swath of cases. *See Irvin v. Grand Rapids Public School District*, Case No. 1:14-cv-1161 (W.D. Mich. 2014) (Title IX case); *Booth v. Coopersville Area Public Schools*, Case No. 1:08-cv-505 (W.D. Mich. 2009) (avoiding use of pseudonyms in case involving the alleged hazing and sexual assault of high school athlete); *Johnson v. Active Machine & Tool, Inc.* Case No. 1:10-cv-95 (W.D. Mich. 2010) (avoiding use of pseudonyms in case involving the alleged sexual assault and rape of an employee); *Prescott v. Blue Water Grill Management Co., LLC*, Case No. 1:24-cv-21 (W.D. Mich. 2025) (denying motion to seal medical record in Title VII hostile work environment case). The Court takes a similar approach in cases of commercial sensitivity. *See, e.g.*, *Mad Mobile, Inc. v. Meijer Great Lakes Limited Partnership*, Case No. 1:23-cv-1020 (W.D. Mich. 2023) (denying motion to seal in theft of trade secrets action); *Perrigo Co. v. United States*, Case No. 1:17-cv-737 (W.D. Mich. 2019) (denying motion to seal in transfer pricing action where plaintiff alleged public disclosure would result in competitive harm); *Strike 3 Holdings LLC v. Doe*, Case No. 1:24-cv-1327 (W.D. Mich. 2025) (denying plaintiff's motion to file documents containing personally identifying information under seal in copyright action relating to adult entertainment films).

The Court has not had occasion to consider anonymity requests under this particular statute, and it appears only a handful of courts have issued a decision on the topic. Some courts have approved of anonymity requests. *See, e.g.*, *Doe v. Sutton*, No. 4:23-cv-1312, 2025 WL 871656 (E..D. Mo. Mar. 2025). At least one court has denied the requested relief. *Doe v. Serpa*, No. 3:25-cv-57, 2025 WL 975334 (N.D. Tex. Apr. 1, 2025). None of the cases indicate that anything but the usual *Porter* analysis should apply. There is some langauge in Section 6851(b)(3)(B) relating

3

to anonymity in any injunctive relief a court might issue. However, its terms appear to apply only in the event the plaintiff is successful on the merits. And nothing in the statutory langauge would appear to curtail a court's discretion to weigh the ordinary presumption of openness that applies in the usual case. *See also Sturgis Public Schools v. Richards*, Case No. 1:19-cv-64 (W.D. Mich. 2019) (addressing interplay of statutory language regarding privacy interests and sealing requests).

The Court invites both sides to supplement their submissions—if they wish—in light of the Court's standard approach as just recited. Both sides may submit opening briefs no later than **Thursday, May 8, 2025.** Responsive briefs to any filings are due no later than **Thursday, May 15, 2025.**

If the Court denies Plaintiff's motions, the Court will set deadlines for amended filings on the public docket rather than direct unsealing of entries in their current form.

**IT IS SO ORDERED.**

Dated: April 23, 2025          /s/ Robert J. Jonker
                               ROBERT J. JONKER
                               UNITED STATES DISTRICT JUDGE