UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JANE DOE,

        Plaintiff,

                                              CASE NO. 3:25-cv-249

v.

                                              HON. ROBERT J. JONKER

JOHN ROE and XYZ, LLC,                 (Sitting by Designation)

        Defendants.
_____/

# ORDER

      This is a civil action claiming unlawful disclosure of intimate images in violation of 15 U.S.C. § 6851, a relatively recent statute contained in the Violence Against Women Act Reauthorization Act of 2022 and passed as part of the Consolidated Appropriations Act of 2022. In this action Plaintiff sues a former romantic and business partner and an LLC that is owned by that individual. She alleges that after the romantic relationship ended in March 2020, her former partner uploaded identifiable intimate photos and videos of her to his social media accounts in violation of federal and state law.

      The matter before the Court is on Plaintiff's motions to proceed in this matter using pseudonyms for all parties on the public docket, and to file summons and other materials containing the parties' true names under seal. (ECF Nos. 4 and 16). The defense opposes Plaintiff's requests to proceed anonymously, and it has also filed a motion for more definite statement. (ECF No. 36). In addition to requesting the Court order Plaintiff to amend the complaint to use true names on the public docket, the defense argues that Plaintiff should be

required to plead the dates when she asserts the claims accrued.  The undersigned judicial officer was designated to preside over further proceedings in this matter, and ordered supplemental briefing in an April 24, 2025, order.  (ECF No. 35).  The briefing is now complete.

Under the Federal Rules of Civil Procedure, every party must have his or her name stated in the case caption. *See* FED. R. CIV. P. 10(a); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).  Courts begin with the presumption of open judicial proceedings. *See Porter*, 70 F.3d at 560.  A plaintiff may proceed under a pseudonym only in exceptional circumstances. *See Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).  A court may determine that "a plaintiff's privacy interests substantially outweigh the presumption" in favor of open judicial proceedings by considering factors such as: "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether the prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy;' (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Porter*, 370 F.3d at 560 (quoting *Doe v. Steagall*, 653 F.2d 180, 185-86 (5th Cir. 1981)).

The general public interest in open proceedings requires a heavy basis to overcome, and Plaintiff has not met that burden here. *See Doe v. Megless*, 654 F.3d 404, 409 (3d Cir. 2011) (observing that the "level of public interest in access to the identities of litigants" counsels against the use of a pseudonym).  There is no challenge to government activity, no risk of compelled self-incrimination, and no interest of minors involved.  The case does involve romance, nude photos and an intimate relationship, but cases involving sensitive matters routinely are handled without pseudonyms in this Court. *See, e.g., Booth v. Coopersville Area Public Schools*, Case No. 1:08-cv-505 (W.D. Mich. 2009) (avoiding use of pseudonyms in case involving the alleged hazing and

sexual assault of high school athlete). The same is true of sensitive matters involving sexual abuse and harassment. *See Johnson v. Active Machine & Tool, Inc.*, Case No. 1:10-cv-95 (W.D. Mich. 2010) (avoiding use of pseudonyms in case involving the alleged sexual assault and rape of an employee).

Plaintiff seeks to distinguish this authority, and the handful of Section 6851 decisions that had denied anonymity. The Court is not persuaded. The basic facts are already in the public domain, and the interests in transparency and accountability are not outweighed by other factors. This is a not a paradigm revenge porn case. Rather, it is about a commercial relationship with a romantic tie. Both the commercial relationship and the personal one failed at the same time. And sorting out the commercial relationship will necessarily involve private and intimate things including nude photos of Plaintiff. The materials filed in this case demonstrate that the principals had a commercial relationship that spanned years and resulted in a large number of collaborative works, including images of Plaintiff. Some of the images were nude, and Plaintiff acknowledged that at least some of those could be published, albeit not for attribution. Plaintiff believes that her former partner exceeded the scope of any authorization by publishing intimate images that are identifiable and are connected to her performer name. The Court continues to believe that open litigation is the best way to ensure fair adjudication of the issues. *See K.R.B. v. Elizabethtown Indep. Sch. Dist.,* No. 3:17-CV-00605-GNS, 2017 WL 11483915, at *1 (W.D. Ky. Dec. 7, 2017) (denying pseudonyms where students who at the time were minors alleged school official uploaded nude photographs from seized cellphones to the internet). None of Plaintiff's arguments persuade the Court that privacy interests outweigh the presumption in favor of public proceedings here. *Cf. Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 2010) (criticizing reflexive use of pseudonyms).

Accordingly, the Court denies the two plaintiff motions, and denies as moot the portion of the defense motion relating to pseudonym use. The Court further denies the remainder of the defense motion for a more definite statement. Defendants have been able to discern enough from Plaintiff's Complaint to claim the entire lawsuit is sanctionable. Clearly the defense has enough to frame a response to the Complaint.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that Plaintiff's Motion for Leave to File Documents Under Seal (ECF No. 4) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed Under Pseudonym (ECF No. 16) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for a More Definite Statement (ECF No. 36) is **DENIED AS MOOT** with respect to the issue of pseudonym use and **DENIED** as to the remainder of the motion.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint not later than June 20, 2025.

Dated: May 19, 2025          /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE