UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JANE DOE, § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | Case No. 3:25-cv-00249 |
| § | | |
| JOHN ROE, XYZ, LLC; § | | |
| § | | |
| *Defendants.* § | | |

**DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

Under Federal Rule of Civil Procedure 56(c), the Defendants submit this *Statement of Undisputed Material Facts*, together with supporting record references, in support of their Motion for Partial Summary Judgment:

**Fact #1**: The Plaintiff "is a professional artist who performs under a distinctive Performer Name[.]"[1]

**RESPONSE:**

---

[1] Doc. 1, Pl.'s Compl., at ¶ 8.

**Fact #2**: On May 6, 2010, the Plaintiff executed a "Broad Form Release" using her performer name, Minton Sparks.[2]

**RESPONSE:**

**Fact #3**: An authentic copy of the release that the Plaintiff executed is appended here as **Exhibit 1**.[3]

**RESPONSE:**

**Fact #4**: The release states, in full:

I, Minton Sparks, in return for good, fair and valuable consideration (including $100), do hereby provide to Erie Chapman aka Dane Dakota, his successors and assigns, and Dane Dakota Productions (part of Chapman Health International, Inc.), and its successors and assigns the free and unrestricted permission and right to use any images of me, made now or in the future, moving or still or in any other form, in any way they see fit. I further release the above parties from any and all responsibility for the use of images of me in any form.[4]

**RESPONSE:**

---

[2] *See* **Ex. 1**, Sparks Release.
[3] *Id.*; **Ex. 6**, Chapman Decl., at ¶ 2.
[4] **Ex. 1**.

**Fact #5**: On May 18, 2010, the Plaintiff executed a second "Broad Form Release" using her legal name.[5]

**RESPONSE:**


**Fact #6**: An authentic copy of the second release that the Plaintiff executed is appended here as **Exhibit 2**.[6]

**RESPONSE:**


**Fact #7**: The second release states, in full:

I, Jill Webb-Hill, in return for good, fair and valuable consideration (including $100), do hereby provide to Erie Chapman aka Dane Dakota, his successors and assigns, and Dane Dakota Productions (part of Chapman Health International, Inc.), and its successors and assigns the free and unrestricted permission and right to use any images of me, made now or in the future, moving or still or in any other form, in any way they see fit. I further release the above parties from any and all responsibility for the use of images of me in any form.[7]

**RESPONSE:**

---

[5] **Ex. 2**, Webb-Hill Release.
[6] *Id.*; **Ex. 6** at ¶ 2.
[7] **Ex. 2**.

**Fact #8**: During the three years after she signed the two releases, the Plaintiff never challenged the releases as having been fraudulently induced.[8]

**RESPONSE:**

**Fact #9**: Even as of *February 27, 2025*—and despite otherwise professing to contest the releases at issue—the Plaintiff did not profess any belief that she was fraudulently induced into signing them.[9]

**RESPONSE:**

**Fact #10**: After the Plaintiff executed the two releases detailed above, the Parties "occasionally took photographs and videos including artistic nudity[.]"[10]

**RESPONSE:**

---

[8] **Ex. 6** at ¶ 3.
[9] **Ex. 3**, Acheson Letter, at 1–2.
[10] Doc. 1 at ¶ 27.

**Fact #11**: Given that she is a professional artist who performs under a distinctive Performer Name that carries commercial value in the creative and entertainment sectors, work in which the Plaintiff is depicted "carries commercial value in the creative and entertainment sectors."[11]

**RESPONSE:**

**Fact #12**: During her 2021 divorce, the Plaintiff identified—in a Marital Dissolution Agreement—all of her assets.[12]

**RESPONSE:**

**Fact #13**: In that Marital Dissolution Agreement, the Plaintiff did not assert ownership of any of the photographs or videos at issue in this lawsuit.[13]

**RESPONSE:**

---

[11] *Id.* at ¶ 8; *see also* Doc. 1 at ¶ 63.
[12] **Ex. 4**, Webb-Hill MDA, at 3–7.
[13] *See id.*

**Fact #14**: The Plaintiff's representations about her assets were sworn before a notary.[14]

**RESPONSE:**

**Fact #15**: On August 2, 2021, the Davidson County Circuit Court entered a Final Decree of Divorce that relied on the Plaintiff's representations about her assets, which exclude any of the works at issue in this case.[15]

**RESPONSE:**

---

[14] *Id.* at 17.
[15] **Ex. 5**, Final Decree of Divorce, at 4–8.

Respectfully submitted,

/s/ Daniel A. Horwitz_____
Daniel A. Horwitz, BPR #032176
Sarah L. Martin, BPR #037707
Horwitz Law, PLLC
4016 Westlawn Dr.
Nashville, TN 37209
(615) 739-2888
daniel@horwitz.law
sarah@horwitz.law

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of May 2025, a copy of the foregoing was served via the Court's e-filing system upon:

Chanelle Acheson
Waddey Acheson LLC
1030 16th Ave. South, Suite 300
Nashville, TN 37212
(615) 839-1100
chanelle@waddeyacheson.com

*Counsel for Plaintiff*

                                                        By:    /s/ Daniel A. Horwitz_____
                                                                  Daniel A. Horwitz, Esq.