UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 3:25-cv-00249 |
| | § | |
| JOHN ROE, XYZ, LLC; | § | |
| | § | |
|    *Defendants.* | § | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR PARTIAL SUMMARY JUDGMENT**

## I.  INTRODUCTION

Count I of the Plaintiff's Complaint alleges that the Defendants violated 15 U.S.C. § 6851.  *See* Doc. 1 at 9–10.  But an essential ingredient of a 15 U.S.C. § 6851 claim is that a qualifying visual depiction was disclosed "without the consent of the individual[,]" *see* 15 U.S.C. § 6851(b)(1)(A), and here, the Plaintiff gave her consent—twice—in writing.  The Plaintiff also has disclaimed—under oath—any ownership of the works in question in preclusive state court litigation.  Beyond that, at least some of the Plaintiff's 15 U.S.C. § 6851 claims are time-barred.

For all of these reasons, the Defendants are entitled to partial summary judgment as to Count I of the Plaintiff's Complaint.  Thus, this Court should dismiss Count I of the Plaintiff's Complaint, and it should decline to exercise supplemental jurisdiction over the state-law claims that remain.

## II. LEGAL STANDARD

To facilitate summary adjudication of claims that are premised on undisputed facts, Federal Rule of Civil Procedure 56(a) provides that:

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

"[A] party opposing a properly supported motion for summary judgment "'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting Fed. R. Civ. P. 56(e)). Further, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–289 (1968)). Thus, "summary judgment should be granted where the evidence is such that it 'would require a directed verdict for the moving party.'" *Id.* at 251 (quoting *Sartor v. Ark. Gas Corp.,* 321 U.S. 620, 624 (1944)).

## III. UNDISPUTED MATERIAL FACTS

The Plaintiff "is a professional artist who performs under a distinctive Performer Name[.]"[1] On May 6, 2010, the Plaintiff executed a "Broad Form Release"

---

[1] Doc. 1 at ¶ 8.

using her performer name, Minton Sparks.[2] An authentic copy of the release that the Plaintiff executed is appended to the Defendants' Statement of Undisputed Material Facts as Exhibit 1.[3] The release states, in full:

> I, Minton Sparks, in return for good, fair and valuable consideration (including $100), do hereby provide to Erie Chapman aka Dane Dakota, his successors and assigns, and Dane Dakota Productions (part of Chapman Health International, Inc.), and its successors and assigns the free and unrestricted permission and right to use any images of me, made now or in the future, moving or still or in any other form, in any way they see fit. I further release the above parties from any and all responsibility for the use of images of me in any form.[4]

On May 18, 2010, the Plaintiff executed a second "Broad Form Release" using her legal name, Jill Webb-Hill.[5] An authentic copy of the second release that the Plaintiff executed is appended to the Defendants' Statement of Undisputed Material Facts as Exhibit 2.[6] The release states, in full:

> I, Jill Webb-Hill, in return for good, fair and valuable consideration (including $100), do hereby provide to Erie Chapman aka Dane Dakota, his successors and assigns, and Dane Dakota Productions (part of Chapman Health International, Inc.), and its successors and assigns the free and unrestricted permission and right to use any images of me, made now or in the future, moving or still or in any other form, in any way they see fit. I further release the above parties from any and all responsibility for the use of images of me in any form.[7]

During the three years after she signed the two releases, the Plaintiff never challenged the releases as having been fraudulently induced.[8] Indeed, even as of

---

[2] Ex. 1 to Defs.' SUMF, Sparks Release.
[3] Ex. 1 to Defs.' SUMF; Ex. 6, Decl. of Erie Chapman at ¶ 2.
[4] Ex. 1 to Defs.' SUMF.
[5] Ex. 2 to Defs.' SUMF, Webb-Hill Release.
[6] Ex. 2 to Defs.' SUMF; Ex. 6, Decl. of Erie Chapman at ¶ 2.
[7] Ex. 2 to Defs.' SUMF.
[8] Ex. 6 to Defs.' SUMF at ¶ 3.

*February 27, 2025*—and despite otherwise professing to contest the releases at issue—the Plaintiff did not profess any belief that she was fraudulently induced into signing them.[9]

After the Plaintiff executed the two releases above, the Parties "occasionally took photographs and videos including artistic nudity[.]"[10] Given that she is a professional artist who performs under a distinctive Performer Name that carries commercial value in the creative and entertainment sectors, work in which the Plaintiff is depicted "carries commercial value in the creative and entertainment sectors."[11]

During her 2021 divorce, the Plaintiff identified—in a Marital Dissolution Agreement—all of her assets.[12] In that Marital Dissolution Agreement, the Plaintiff did not assert ownership of any of the photographs or videos at issue in this lawsuit.[13] The Plaintiff's representations about her assets also were "sworn" before a notary.[14] On August 2, 2021, the Davidson County Circuit Court entered a Final Decree of Divorce that relied on the Plaintiff's representations about her assets, which exclude any of the works at issue in this case.[15]

## IV. ARGUMENT

The Defendants seek partial summary judgment as to the Plaintiff's 15 U.S.C.

---

[9] Ex. 3 to Defs.' SUMF, Acheson Letter, at 1–2.
[10] Doc. 1 at ¶ 27.
[11] Doc. 1 at ¶ 8; Doc. 1 at ¶ 63.
[12] Ex. 4 to Defs.' SUMF, Jill Webb-Hill MDA, at 3–7.
[13] *Id.*
[14] *Id.* at 17.
[15] Ex. 5 to Defs.' SUMF, Final Decree of Divorce, at 4–8.

§ 6851 claims. For the reasons detailed below, the Defendant is entitled to partial summary judgment on three grounds: (1) the Plaintiff's consent precludes liability; (2) having sworn not to own them as part of her divorce, the Plaintiff is judicially estopped from claiming ownership over the valuable works in question; and (3) at least some of the Plaintiff's claims are time-barred.

A.     THE PLAINTIFF'S CONSENT PRECLUDES LIABILITY.

An essential element of a 15 U.S.C. § 6851(b)(1)(A) claim is that a qualifying depiction was disclosed "without the consent of the individual[.]" Here, though, the undisputed material facts demonstrate that, in exchange for consideration, the Plaintiff *twice* provided the Defendants "unrestricted permission and right to use any images of me, made now or in the future, moving or still or in any other form, in any way they see fit" and "release[d] the [Defendants] from any and all responsibility for the use of images of [the Plaintiff] in any form."[16] The two releases were executed 12 days apart, and the Plaintiff executed them using both her performer name and her legal name.[17] Thus, the Plaintiff's 15 U.S.C. § 6851(b)(1)(A) claims fail as a matter of law, because the Plaintiff provided the Defendants consent—twice, and in writing— to use the images at issue "in any way they see fit[.]"[18]

Nor can the Plaintiff sustain any kind of fraud-based challenge here. For one thing, during the three years after she signed the two releases, the Plaintiff never challenged the releases as having been fraudulently induced,[19] and "fraud in the

---

[16] Ex. 1 to Defs.' SUMF; Ex. 2 to Defs.' SUMF.
[17] Ex. 1 to Defs.' SUMF; Ex. 2 to Defs.' SUMF.
[18] Ex. 1 to Defs.' SUMF; Ex. 2 to Defs.' SUMF.
[19] Ex. 6 to Defs.' SUMF at ¶ 3.

inducement of a contract sounds in tort and is therefore subject to § 28-3-105's three year limitation period[,]" *Moorhead v. Allman*, No. M2009-01822-COA-R3CV, 2011 WL 676017, at *5 (Tenn. Ct. App. Feb. 24, 2011); *see also Nucsafe, Inc. v. Farber*, No. E2023-01809-COA-R3-CV, 2024 WL 3898538, at *2 (Tenn. Ct. App. Aug. 22, 2024) (noting Tennessee's "three-year statute of limitations for fraud"). For another, even as of *February 27, 2025*—and despite otherwise professing to contest the releases at issue—the Plaintiff did not profess any belief that she was fraudulently induced into signing the releases in question.[20] *Cf. Arnold v. Wilder*, 657 F.3d 353, 366 (6th Cir. 2011) ("We have admitted settlement evidence where it was 'offered to show the state of mind of the witnesses[.]'" (quoting *Croskey v. BMW of N. Am., Inc.*, 532 F.3d 511, 519 (6th Cir. 2008))).

### B. THE PLAINTIFF IS ESTOPPED FROM CLAIMING OWNERSHIP OVER THE WORKS IN QUESTION.

Although they disagree about some things, the Parties agree that the works at issue in this lawsuit are commercially valuable. In particular, given that the Plaintiff is a professional artist who performs under a distinctive Performer Name that carries commercial value in the creative and entertainment sectors, work in which the Plaintiff is depicted "carries commercial value in the creative and entertainment sectors."[21] This matters, because during her 2021 divorce, the Plaintiff identified— in a Marital Dissolution Agreement—all of what she claimed were her assets.[22]

---

[20] Ex. 3 to Defs.' SUMF at 1–2. The Plaintiff notes for the sake of completeness that the cited portion of the letter is not settlement correspondence. The only portion of the letter that is fairly characterized as settlement correspondence has been redacted.
[21] Doc. 1 at ¶ 8; Doc. 1 at ¶ 63.
[22] Ex. 4 to Defs.' SUMF at 3–7.

-6-
Case 3:25-cv-00249   Document 50   Filed 05/23/25   Page 6 of 13 PageID #: 334

In the Plaintiff's Marital Dissolution Agreement, the Plaintiff did not assert ownership of any of the photographs or videos at issue in this lawsuit.[23] The Plaintiff's representations about her assets also were "sworn" before a notary.[24] And on August 2, 2021, the Davidson County Circuit Court entered a Final Decree of Divorce that reflected the Plaintiff's representations about her assets, which exclude any of the works at issue in this case.[25]

Under these circumstances, judicial estoppel precludes the Plaintiff from claiming to own the photographs and videos in question here. *See Newman v. Univ. of Dayton*, 751 F. App'x 809, 813 (6th Cir. 2018) ("Judicial estoppel 'bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition.'") (cleaned up). Judicial estoppel "is a discretionary equitable doctrine." *Stanley v. FCA US, LLC*, 51 F.4th 215, 218 (6th Cir. 2022). It "is utilized in order to preserve 'the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship.'" *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002) (quoting *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990)). The doctrine also carries special force when, as here, a party fails to disclose claimed assets in a prior proceeding that required it. *See, e.g.*, *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 476 (6th Cir. 2010); *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420,

---

[23] *Id.*
[24] *Id.* at 17.
[25] Ex. 5 to Defs.' SUMF at 4–8.

425 (6th Cir. 2005).

Judicial estoppel applies here. In her divorce proceeding, the Plaintiff disclaimed under oath any ownership of the commercially valuable works at issue in this case.[26] She also convinced the state court that granted her divorce to adopt that position as part of its final disposition.[27] Thus, the Plaintiff is judicially estopped, here, from claiming to own the works at issue (which, as noted above, the undisputed material facts reflect she assigned to the Defendants instead[28]). *See Newman*, 751 F. App'x at 813.

C. **AT LEAST SOME OF THE PLAINTIFF'S SECTION 6851 CLAIMS ARE TIME-BARRED.**

15 U.S.C. § 6851(b)(1)(A) is a federal cause of action. It also lacks its own statute of limitations. *See generally id.* And as the U.S. Supreme Court has explained, "state statutes of limitations govern the timeliness of federal causes of action unless Congress has specifically provided otherwise." *See Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. (UAW), AFL-CIO v. Hoosier Cardinal Corp.*, 383 U.S. 696, 703–04 (1966); *see also N. Star Steel Co. v. Thomas*, 515 U.S. 29, 34 (1995); *Joe Hand Promotions, Inc. v. Griffith*, No. 3:20-CV-382, 2020 WL 7496529, at *2 (E.D. Tenn. Dec. 21, 2020).

With respect to a claim filed under 15 U.S.C. § 6851(b)(1)(A), Tennessee's statute of limitations is clear. Under Tennessee Code Annotated section 28-3-104:

> (a)(1) Except as provided in subdivision (a)(2), the following actions shall be commenced within one (1) year after the cause of action accrued:

---

[26] Ex. 4 to Defs.' SUMF at 3–7.
[27] Ex. 5 to Defs.' SUMF at 4–8.
[28] Ex. 1 to SUMF; Ex. 2 to SUMF.

-8-
Case 3:25-cv-00249   Document 50   Filed 05/23/25   Page 8 of 13 PageID #: 336

> (A) Actions for . . . injuries to the person, . . . ;
>
> (B) Civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes; and
>
> (C) Actions for statutory penalties.

Thus, based on Tennessee Code Annotated section 28-3-104(a), whether the Plaintiff's 15 U.S.C. § 6851(b)(1)(A) claims are construed as civil actions for "injuries to the person," civil actions "for compensatory or punitive damages . . . brought under the federal civil rights statutes," or actions "for statutory penalties," a one-year statute of limitations applies to them. *See* Tenn. Code Ann. § 28-3-104(a)(1).

With one exception, the Plaintiff's Complaint carefully declines to specify when her section 6851 claims accrued. The only specific date on which she alleges an image was improperly disseminated is "[w]ithin a few weeks of" "March 2020."[29] That claim is not only time-barred, though—it predates section 6851's effective date. Thus, the Defendants are entitled to partial summary judgment on that claim.

The Defendants also are entitled to summary judgment for any claimed dissemination that predates March 4, 2024. Despite her Complaint's lacking specificity, given that the Plaintiff pleads that some of her claims "occurred on or after October 1, 2022" while others occurred "within the last year,"[30] the Plaintiff's Complaint is fairly read to assert section 6851 claims that accrued on or after October 1, 2022, but also are more than one year old. Thus, any claims that the Plaintiff is asserting that predate March 4, 2025, should be dismissed as time-barred based on

---

[29] Doc. 1 at ¶ 33.
[30] *Compare id.* at ¶¶ 37, 42 *with id.* at ¶ 45.

-9-
Case 3:25-cv-00249    Document 50    Filed 05/23/25    Page 9 of 13 PageID #: 337

the applicable one-year statute of limitations. *See supra* at 8–9.

D. **AFTER DISMISSING THE PLAINTIFF'S LONE FEDERAL CAUSE OF ACTION, THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE PLAINTIFF'S REMAINING STATE-LAW CLAIMS.**

"[D]istrict courts generally should decline to exercise supplemental jurisdiction over state-law claims when no federal claims remain[.]" *Lloyd v. Midland Funding, LLC*, No. 3:12-CV-566-TAV-HBG, 2016 WL 3129199, at *3 (E.D. Tenn. June 2, 2016). That is especially true "where federal claims have been dismissed at an early stage of litigation." *Horton v. Mich. Dep't of Corr.*, No. 1:08-CV-381, 2008 WL 4681179, at *1 (W.D. Mich. Oct. 20, 2008) (cleaned up); *see also Jackson v. Williams*, No. 12-CV-02999, 2013 WL 1947253, at *1 (N.D. Ohio May 9, 2013) ("Because only state-law claims remain, and because this case is in its early stages, the Court declines to exercise supplemental jurisdiction over Jackson's state-law claims[.]"). In particular,

> The Sixth Circuit has held that "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) (citations omitted); *Southard v. Newcomb Oil Co.*, 7 F.4th 451, 453 (6th Cir. 2021) ("We have described as a 'fundamental principle' that 'declining to exercise supplemental jurisdiction over an action with no remaining federal claims is not an abuse of discretion.'"); *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("In the usual case in which all federal claims are dismissed before trial, the balance of these factors will point to declining to exercise jurisdiction over any remaining pendent state-law claims.").

*Asher v. Clay Cty. Bd. of Educ.*, 585 F. Supp. 3d 947, 973 (E.D. Ky. 2022).

For these reasons, there is "a strong presumption in favor of dismissing supplemental claims" when all of a plaintiff's federal claims have been dismissed. *Id.*

(quoting *Musson Theatrical*, 89 F.3d at 1255). And because granting the Defendants' Motion for Partial Summary Judgment here would leave only state-law claims remaining, this Court should dismiss the rest of the Plaintiff's claims without prejudice under 28 U.S.C. § 1367(c)(3). *Id.* ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-- . . . the district court has dismissed all claims over which it has original jurisdiction[.]").

## V. CONCLUSION

For the foregoing reasons, this Court should grant the Defendants summary judgment as to Count I of the Plaintiff's Complaint. Afterward, this Court should decline to exercise supplemental jurisdiction over the Plaintiff's remaining state-law claims.

Respectfully submitted,

/s/Daniel A. Horwitz_____
DANIEL A. HORWITZ, BPR #032176
SARAH L. MARTIN, BPR #037707
HORWITZ LAW, PLLC
4016 WESTLAWN DR.
NASHVILLE, TN 37209
(615) 739-2888
daniel@horwitz.law
sarah@horwitz.law

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of May 2025, a copy of the foregoing was served via the Court's e-filing system upon:

Chanelle Acheson
Waddey Acheson LLC
1030 16th Ave. South, Suite 300
Nashville, TN 37212
(615) 839-1100
chanelle@waddeyacheson.com

*Counsel for Plaintiff*

                           By:    /s/ Daniel A. Horwitz_____
                                      Daniel A. Horwitz, Esq.