UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE, | Case No.: 3:25-cv-00249 |
| Plaintiff, | |
| v. | Judge: Robert J. Jonker |
| JOHN ROE; XYZ, LLC, | Magistrate Judge: |
| Defendant. | |

**PLAINTIFF JANE DOE'S EMERGENCY MOTION TO SEAL DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND SUPPORTING DOCUMENTS**

Plaintiff Jane Doe ("Plaintiff"), by and through undersigned counsel, urgently and respectfully moves this Court for an emergency order sealing the just filed Motion for Partial Summary Judgment, Memorandum of Law in Support, and all accompanying exhibits (collectively, the "Summary Judgment Filings") filed by Defendants John Roe and XYZ, LLC ("Defendants") on May 23, 2025.

An appeal on this very issue is pending. This motion is made on an emergency basis because the Defendant's Filings contain Plaintiff's identifying information and sensitive personal details. This is the second time Defendants have filed identifying and harassing documents on the public docket while a motion regarding this very issue is pending. The public disclosure of this information would render moot Plaintiff's pending appeal to the United States Court of Appeals for the Sixth Circuit concerning this Court's prior denial of Plaintiff's motions to proceed under a pseudonym and to seal documents containing such information.

## I. INTRODUCTION

This case involves claims arising from the unlawful and non-consensual disclosure of intimate images. Plaintiff previously sought to proceed under a pseudonym and to file sensitive documents under seal to protect her identity and privacy, given the inherent harm of identifying her in connection with the subject matter. (ECF Nos. 4, 16). In response Defendants filed Plaintiff's identifying information in an attempt to circumvent normal court processes and to moot the pseudonymity motion. Plaintiff therefore previously sought, on an emergency basis, to seal identifying information of hers filed without her consent by defendants while her pseudonymity motion was pending. (ECF Nos. 20, 22-23). That emergency motion was granted. (ECF Nos. 24 & 25). After appointment of a District Judge, the Court noted that in any decision on the unsealing motions, it would order new filings rather than unsealing of docket entries in their current form. On May 19, 2025, this Court denied those motions (the "May 19 Order," ECF No. 45).

Plaintiff timely appealed the May 19 Order to the United States Court of Appeals for the Sixth Circuit on May 21. Plaintiff intends to file a motion to stay the Court's order on pseudonymity and other proceedings in this case pending appeal. Despite the pending appeal on the very issue of Plaintiff's anonymity and the sealing of identifying information, Defendants have now filed their Summary Judgment Filings, which include the exact type of identifying information that is the subject of Plaintiff's appeal. It is not lost on Plaintiff that Defendants filed their motion and documents identifying Plaintiff after 5 pm CST on a holiday weekend.

If Defendants' Summary Judgment Filings are not immediately sealed (including by redacting the exhibit names) on the public docket, Plaintiff's identifying information will be publicly disseminated, thereby nullifying the relief sought in her appeal and causing her

irreparable harm. This motion seeks to preserve the status quo and the integrity of the appellate process.

II.     ARGUMENT

**A. Sealing is Necessary to Prevent Plaintiff's Appeal from Being Rendered Moot.**

The primary relief Plaintiff seeks in her pending Sixth Circuit appeal is the ability to litigate this case pseudonymously and to have documents containing her identifying information filed under seal. If Defendants' Summary Judgment Filings, which contain this very information, are allowed to remain on the public docket, Plaintiff's identity will be disclosed. Such disclosure would effectively grant Defendants the outcome Plaintiff is appealing to prevent, thereby rendering the appeal moot. *See, e.g.*, *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (an appeal becomes moot when events occur that prevent the appellate court from granting any effective relief).

Allowing the public disclosure of Plaintiff's identity at this juncture would eviscerate the subject matter of the appeal and deny the Sixth Circuit a meaningful opportunity to review the May 19 Order. The public interest in open judicial proceedings, which was a basis for the Court's May 19 Order, does not extend to pre-empting appellate review by prematurely disclosing the very information whose protection is being sought on appeal.

**B. The Court Has Authority to Grant Sealing to Preserve the Status Quo Pending Appeal.**

A district court retains jurisdiction to issue orders preserving the status quo pending appeal. *See Newton v. Consol. Gas Co. of N.Y.*, 258 U.S. 165, 177 (1922) (recognizing court's power to preserve status quo pending appeal); *see also* Fed. R. Civ. P. 62(c) (regarding injunctions pending appeal, indicative of broader powers to manage proceedings). This includes

the power to enter orders protecting the efficacy of potential appellate relief. Sealing the Summary Judgment Filings is a necessary measure to preserve the status quo and ensure that Plaintiff's appeal is not futile.

Furthermore, under the All Writs Act, 28 U.S.C. § 1651(a), federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." An order sealing the documents at issue is appropriate to aid the prospective jurisdiction of the Sixth Circuit by preventing the mooting of Plaintiff's appeal.

### C. Emergency Consideration is Warranted.

This motion requires emergency consideration because each moment the Summary Judgment Filings remain publicly accessible increases the risk of the precise harm Plaintiff seeks to avoid through her appeal: the public disclosure of her identity in connection with this sensitive case. Immediate action is necessary to prevent irreparable harm to Plaintiff and to preserve the integrity of the appellate process.

### III. RELIEF REQUESTED

WHEREFORE, Plaintiff Jane Doe respectfully requests that this Court:

Grant this Emergency Motion to Seal;

Order the immediate sealing of Defendants' Motion for Partial Summary Judgment, the Memorandum of Law in Support, and all accompanying Exhibits, filed on May 23, 2025, including redaction of exhibit names for the public docket;

Direct that these documents remain under seal pending the disposition of Plaintiff's appeal to the U.S. Court of Appeals for the Sixth Circuit regarding the Court's May 19, 2025 Order (ECF No. 45), or further order of this Court or the Court of Appeals; and

Grant such other and further relief as this Court deems just and proper.

Dated: May 23, 2025

Respectfully submitted,

*/s/ Chanelle Acheson*
Chanelle Acheson
Waddey Acheson LLC
1030 16th Ave. South, Suite 300
Nashville, TN 37212
(615) 839-1100
*Counsel for Plaintiff Jane Doe*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2025, a copy of the foregoing document has been filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record:

Daniel A. Horwitz
Sarah L. Martin
Horwitz Law, PLLC
4016 Westlawn Dr.
Nashville, TN 37209

*/s/ Chanelle Acheson*
Chanelle Acheson
Waddey Acheson LLC
1030 16th Ave. South, Suite 300
Nashville, TN 37212
(615) 839-1100